**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO NAVARRO,<br><br>                              Plaintiff,<br><br>    vs.<br><br>UCSD SCHOOL OF MEDICINE,<br><br>                              Defendant. | CASE NO. 12CV1339-GPC(BLM)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION; AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>[Doc. Nos. 2, 3.] |

On June 5, 2012, Plaintiff Antonio Navarro, proceeding *pro se*, commenced this action against Defendant UCSD School of Medicine. Plaintiff also moves to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and requests appointment of counsel. For the following reasons, the Court DENIES Plaintiff's motion to proceed IFP, *sua sponte* DISMISSES the complaint for lack of federal subject matter jurisdiction, and DENIES Plaintiff's request for appointment of counsel as MOOT.

**Discussion**

**I.    Motion to Proceed *In Forma Pauperis***

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915(a). Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an

1  affidavit demonstrating his or her inability to pay the filing fee. 28 U.S.C. § 1915(a). Such affidavit
2  must include a complete statement of the plaintiff's assets. Id. Plaintiff has submitted an affidavit in
3  support of his IFP motion indicating that he is currently unemployed, receives $854 per month in
4  social security benefits, has $34 in a bank account, owns an automobile that is financed and may have
5  a property interest in his parents' home. He states he has debt in the form of a credit card bill but does
6  not state the amount of the debt. Based on the affidavit, the Court finds Plaintiff has the ability to pay
7  the filing fee and does not meet the § 1915(a) requirements. Accordingly, the Court DENIES
8  Plaintiff's motion to proceed IFP.

**II.     *Sua Sponte* Dismissal for Lack of Jurisdiction**

In the Complaint, Plaintiff seeks the Court's assistance in setting up a mediation process between Plaintiff and the Admissions Committee at UCSD School of Medicine to obtain "UCSD School of Med Accreditation to be accommodated at the VA San Diego Hospital." (Dkt. No. 1.)

It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 95 (1998). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Unlike state courts, they have no 'inherent' or 'general' subject matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e. those involving diversity of citizenship, a federal question, or to which the United States is a party. 28 U.S.C. §§ 1331, 1332; see also Kokkonen, 511 U.S. at 377. Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen, 511 U.S. at 377. Subject matter jurisdiction is determined from the face of the complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

In this case, Plaintiff's Complaint fails to invoke a federal question and Plaintiff has not shown that diversity jurisdiction exists. Moreover, the United States is not a party to this case. As a result, Plaintiff has not presented a sufficient basis for federal jurisdiction in this case. Accordingly, the Court *sua sponte* DISMISSES the Complaint without prejudice.

### III.     Request for Appointment of Counsel

Plaintiff also filed a request for appointment of counsel. Since the Court DISMISSES the Complaint, the Court DENIES Plaintiff's request for appointment of counsel as MOOT.

### Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion to proceed IFP and DISMISSES the Complaint without prejudice for lack of subject matter jurisdiction. The Court also DENIES Plaintiff's request for appointment of counsel as MOOT. The Court GRANTS Plaintiff thirty (30) days from the date stamped on this order to file an amended complaint curing the deficiencies of pleading identified above.

DATED: October 11, 2012

_____
HON. GONZALO P. CURIEL
United States District Judge